STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
KENNEBEC, ss.                           AUGUSTA
                                        DOCKET NO. CD-CR-18-0189


STATE OF MAINE


v.                                      **ORDER ON MOTION FOR FURTHER**
                                        **FINDINGS OF FACT AND**
                                        **CONCLUSIONS OF LAW**


KIJAUME TAFT,
        Defendant

        The Court has previously entered an Order denying Defendant's Motion to Suppress. Defense counsel filed a Motion for Further Findings of Fact and Conclusions of Law, and the State has filed its response. After reviewing the Order and filings of the parties, the Court enters the following **Order** in response to Defendant's motion:

        1. It is impossible for the undersigned to "specify **the moment** when Mr. Taft was arrested by law enforcement" as defense counsel requests. The Court has already made a finding that Defendant was arrested shortly after the motor vehicle that contained Defendant was stopped by law enforcement.

        2. The State apparently continues to press its contention that Defendant was not arrested even after he was handcuffed at gunpoint by law enforcement.[1] This, notwithstanding the fact that the Court has already found that Defendant **was** arrested, *see* ¶ 15 of the Order dated 8/14/19.

        3. The First Circuit has noted that there is no scientifically precise formula that enables courts to distinguish between valid investigatory stops and *de facto* arrests. *United States v. Owens*, 167 F.3d 739, 749 (1ª Cir. 1999). The Court in *Owens* noted that courts making this inquiry should "examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly during which time it was necessary to detain the defendant. A court making this assessment should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing." *Id.*

---

[1] The State in its first brief contended that it "disputes this fact (that Defendant was removed from his vehicle at gunpoint and handcuffed)..."; however, the State chose not to call any officer(s) who could have testified to the contrary.

4. The undersigned continues to find that Defendant was arrested, not "detained" when he was removed from his vehicle at gunpoint and handcuffed; however, the undersigned also continues to find that Defendant was arrested because probable cause was present to justify the arrest. The probable cause standard is flexible and based on common sense. Although requiring more than mere suspicion, probable cause can be satisfied on less than the quantum of proof necessary to establish a fact by a fair preponderance of the evidence. *State v. Flint*, 2011 ME 20, ¶ 12.

5. In this case there was sufficient probable cause to believe the Defendant was involved in illegal drug trafficking and thus sufficient reason to stop and arrest Defendant. Based upon this record, the Court has already noted that it is impossible to note "the exact moment" that Defendant was arrested, other than to note that it was either shortly before, or shortly after, Defendant's companion turned illegal drugs over to law enforcement.

6. Other than what is set forth above, Defendant's motion is **denied**.

Date: 9/4/19

BY _____

**Robert E. Mullen, Deputy Chief Justice**
**Maine Superior Court**